Note: Change made on page 3, line 4.

UMBERG ZIPSER LLP
Mark A. Finkelstein (SBN 173851)
mfinkelstein@umbergzipser.com
Mei Tsang (SBN 237959)
mtsang@umbergzipser.com
Molly J. Magnuson (SBN 229444)
mmagnuson@umbergzipser.com
1920 Main Street, Suite 750
Irvine, CA  92614
Telephone: (949) 679-0052
Facsimile: (949) 679-0461

Attorneys for Plaintiff
Opus One Corporation d/b/a Contest Factory

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPUS ONE CORPORATION D/B/A CONTEST FACTORY,<br><br>    Plaintiff,<br><br>    v.<br><br>WISHPOND TECHNOLOGIES LTD.,<br><br>    Defendant. | Case No. 8:24-cv-01311-DOC-KES<br><br>**STIPULATED [~~PROPOSED~~] PROTECTIVE ORDER** |

{277929.4}

STIPULATED PROTECTIVE ORDER

1

## 1. PURPOSE AND LIMITS OF THIS ORDER

Discovery in this action is likely to involve confidential, proprietary or private information requiring special protection from public disclosure and from use for any purpose other than this litigation. Specifically, this action is likely to involve trade secrets, source code, customer and pricing lists, and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

Thus, the Court enters this Protective Order. This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection

{277929.4}

it gives from public disclosure and use extends only to the specific material entitled to confidential treatment under the applicable legal principles. This Order does not automatically authorize the filing under seal of material designated under this Order. Instead, the parties must comply with Local Rule **79-5** and this Order if they seek to file anything under seal. This Order does not govern the use at trial of material designated under this Order.

**2.    DEFINITIONS**

**2.1**    Action: This pending federal law suit.

**2.2**    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

**2.3**    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

**2.4**    Counsel: Outside Counsel of Record (as well as their support staff).

**2.5**    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

**2.6**    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

**2.7**    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

{277929.4}

**2.8**   Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**2.9**   Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

**2.10**   Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

**2.11**   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

**2.12**   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**2.13**   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

**2.14**   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.**   **DESIGNATING PROTECTED MATERIAL**

**3.1**   **Over-Designation Prohibited.**  Any Designating Party who designates information or items for protection under this Order as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" must only designate specific material that qualifies under the appropriate standards.  To the extent practicable, only those parts of documents, items or oral or written communications that require

{277929.4}

protection shall be designated. Designations with a higher confidentiality level when a lower level would suffice are prohibited. Mass, indiscriminate, or routinized designations are prohibited. Unjustified designations expose the designator to sanctions, including the Court's striking all confidentiality designations made by that designator. Designation under this Order is allowed only if the designation is necessary to protect material that, if disclosed to persons not authorized to view it, would cause competitive or other recognized harm. Material may not be designated if it has been made public, or if designation is otherwise unnecessary to protect a secrecy interest. If a Designating Party learns that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that designator must promptly notify all parties that it is withdrawing the mistaken designation.

       **3.2**    **Manner and Timing of Designations.** Designation under this Order requires the Designating Party to affix the applicable legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains protected material. For testimony given in deposition or other proceeding, the Designating Party shall specify all protected testimony and the level of protection being asserted. It may make that designation during the deposition or proceeding, or may invoke, on the record or by written notice to all parties on or before the next business day, a right to have up to 21 days from the deposition or proceeding to make its designation.

       **3.2.1**  A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has identified which material it would like copied and produced. During the inspection and before the designation, all material shall be treated as HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY. After the inspecting

party has identified the documents it wants copied and produced, the producing party must designate the documents, or portions thereof, that qualify for protection under this Order.

**3.2.2**   Parties shall give advance notice if they expect a deposition or other proceeding to include designated material so that the other parties can ensure that only authorized individuals are present at those proceedings when such material is disclosed or used.  The use of a document as an exhibit at a deposition shall not in any way affect its designation.  Transcripts containing designated material shall have a legend on the title page noting the presence of designated material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated, and the level of protection being asserted.  The Designating Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of the 21-day period for designation shall be treated during that period as if it had been designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY unless otherwise agreed.  After the expiration of the 21-day period, the transcript shall be treated only as actually designated.

**3.3**   **Inadvertent Failures to Designate.**  An inadvertent failure to designate does not, standing alone, waive protection under this Order.  Upon timely assertion or correction of a designation, all recipients must make reasonable efforts to ensure that the material is treated according to this Order.

**4.**   **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

All challenges to confidentiality designations shall proceed under Local Rule 37-1 through Local Rule 37-4.

## 5. ACCESS TO DESIGNATED MATERIAL

**5.1 Basic Principles.** A Receiving Party may use designated material only for this litigation. Designated material may be disclosed only to the categories of persons and under the conditions described in this Order.

**5.2 Disclosure of CONFIDENTIAL Material Without Further Approval.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any material designated CONFIDENTIAL only to:

**5.2.1** The Receiving Party's Outside Counsel of Record;

**5.2.2** The officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit E-1);

**5.2.3** Experts retained by the receiving party's Outside Counsel of Record to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit E-1);

**5.2.4** The Court and its personnel;

**5.2.5** Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit E-1);

**5.2.6** During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the Agreement to Be Bound (Exhibit E-1); and

**5.2.7** The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information.

**5.3 Disclosure of HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY and HIGHLY CONFIDENTIAL - SOURCE CODE Material Without Further Approval.** Unless permitted in writing by the designator, a receiving

{277929.4}

party may disclose material designated HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL - SOURCE CODE without further approval only to:

**5.3.1**  The Receiving Party's Outside Counsel of Record to whom it is reasonably necessary to disclose the information;

**5.3.2**  The Court and its personnel;

**5.3.3**  Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit E-1); and

**5.3.4**  The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information.

**5.4   Procedures for Approving or Objecting to Disclosure of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE Material to Experts. Unless agreed to in writing by the designator:**

**5.4.1**  A party seeking to disclose to an Expert retained by Outside Counsel of Record any information or item that has been designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE must first make a written request to the Designating Party that (1) identifies the general categories of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise (including in connection with litigation) in the past five years, and (6) identifies (by name and

{277929.4}

number of the case, filing date, and location of court) any litigation where the Expert has offered expert testimony, including by declaration, report or testimony at deposition or trial, in the past five years. If the Expert believes any of this information at (4) - (6) is subject to a confidentiality obligation to a third party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the party seeking to disclose the information to the Expert shall be available to meet and confer with the designator regarding any such confidentiality obligations.

**5.4.2**  A party that makes a request and provides the information specified in paragraph 5.4.1 may disclose the designated material to the identified Expert unless, within seven days of delivering the request, the party receives a written objection from the Designating Party providing detailed grounds for the objection.

**5.4.3**  All challenges to objections from the Designating Party shall proceed under Local Rule 37-1 through Local Rule 37-4.

**6.     SOURCE CODE**

**6.1     Designation of Source Code.**  If production of source code is necessary, a party may designate it as HIGHLY CONFIDENTIAL – SOURCE CODE if it is, or includes, confidential, proprietary, or trade secret source code.

**6.2     Location and Supervision of Inspection.**  Any HIGHLY CONFIDENTIAL – SOURCE CODE produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Designating Party's counsel or another mutually agreeable location. The source code shall be made available for inspection on a secured computer in a secured room, and the inspecting party shall not copy, remove or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Designating Party may visually monitor the activities of the inspecting party's

representatives during any source code review, but only to ensure that there is no unauthorized recording, copying or transmission of the source code.

**6.3  Paper Copies of Source Code Excerpts.**  The inspecting party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, other papers or for deposition or trial.  The Designating Party shall provide all such source code in paper form, including Bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE."

**6.4  Access Record.**  The inspecting party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form, and shall maintain all paper copies of any printed portions of the source code in a secured, locked area.  The inspecting party shall not convert any of the information contained in the paper copies into any electronic format other than for the preparation of a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document.  Any paper copies used during a deposition shall be retrieved at the end of each day and must not be left with a court reporter or any other unauthorized individual.

**7.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

**7.1  Subpoenas and Court Orders.**  This Order in no way excuses non-compliance with a lawful subpoena or court order.  The purpose of the duties described in this section is to alert the interested parties to the existence of this Order and to give the Designating Party an opportunity to protect its confidentiality interests in the court where the subpoena or order issued.

**7.2  Notification Requirement.**  If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items received by that party in this action and designated in this action as

{277929.4}

CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE, that party must do the following.

**7.2.1** Promptly notify the Designating Party in writing. Such notification shall include a copy of the subpoena or court order.

**7.2.2** Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order.

**7.2.3** Cooperate with all reasonable procedures sought by the Designating Party whose material may be affected.

**7.3** **Wait For Resolution of Protective Order.** If the Designating Party promptly seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE before a determination by the court where the subpoena or order issued, unless the party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection of its confidential material in that court.

**8.** <u>**UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL**</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed designated material to any person or in any circumstance not authorized under this Order, it must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the designated material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) use reasonable efforts to have such person or persons execute the Agreement to Be Bound (Exhibit E-1).

## 9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Fed. R. Civ. P. 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review pursuant to Fed. R. Evid. 502(d) and (e). Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the Court.

## 10. PROSECUTION BAR

Any individual who receives any HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE hereunder, including individuals designated in accordance with Paragraph 5 herein, shall not engage formally or informally, or directly or indirectly in any patent prosecution (including prosecution of any reissue application) or the amendment of claims in patent prosecution or reissue proceedings, drafting of claims in patent prosecution or reissue proceedings, or reissue proceedings, relating to interactive online contests for the duration of this litigation (including any appeals), and for one year after final termination of this litigation (including any appeals), whichever comes last. Nothing in this paragraph shall prohibit anyone who receives any HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE information from being involved with any Inter Partes Review (IPR) of any of the patents being asserted in this litigation.

## 11. FILING UNDER SEAL

Without written permission from the Designating Party or a Court order, a party may not file in the public record in this action any designated material. A party seeking to file under seal any designated material must comply with Local Rule 79-5. Filings may be made under seal only pursuant to a court order authorizing the sealing of the specific material at issue. The fact that a document has been designated under this Order is insufficient to justify filing under seal. Instead, parties must explain the basis for confidentiality of each document sought to be filed under seal. Because a party other than the Designating Party will often be seeking to file designated material, cooperation between the parties in preparing, and in reducing the number and extent of, requests for under seal filing is essential. Accordingly, counsel are ordered to meet and confer in person or by telephone at least seven (7) calendar days prior to the filing of an application wherein the basis for the sealing is that it has been deemed confidential by the other party. Not later than two (2) calendar days after the meet and confer process, the opposing party shall confirm whether such information shall be designated as confidential or whether it can be made available to the public. Such an application shall contain the dates and method by which the parties met and conferred otherwise it will be denied without prejudice to an amended application being filed after counsel have completed this process. If a ***Receiving Party's*** request to file designated material under seal pursuant to Local Rule 79-5.1 is denied by the Court, then the Receiving Party ***may file the material in the public record*** unless (1) ***the Designating Party*** seeks reconsideration within four (4) days of the denial, or (2) as otherwise instructed by the Court.

## 12. FINAL DISPOSITION

Within 60 days after the final disposition of this action, each party shall return all designated material to the Designating Party or destroy such material,

including all copies, abstracts, compilations, summaries and any other format reproducing or capturing any designated material. The Receiving Party must submit a written certification to the Designating Party by the 60-day deadline that (1) identifies (by category, where appropriate) all the designated material that was returned or destroyed, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the designated material. This provision shall not prevent counsel from retaining an archival copy of all pleadings, motion papers, trial, deposition and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain designated material. Any such archival copies remain subject to this Order.

### 13. MISCELLANEOUS

**13.1** Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

**13.2** Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

**13.3** Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO ORDERED.

Dated: November 13, 2024

_Karen E. Scott_
Hon. Karen E. Scott
United States Magistrate Judge

{277929.4}

# EXHIBIT E-1

# AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Opus One Corporation d/b/a Contest Factory v. Wishpond Technologies Ltd.*, Case No. 8:24-cv-01311-DOC-KES.  I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment for contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing this Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Order.

Date: _____

City and State where sworn and signed:

_____


Printed name: _____


Signature: _____

{277929.4}

---

15

STIPULATED PROTECTIVE ORDER